GODFREY NELSON, Appellee, v. GEO. C. NELSON, Appellant.

Agreement to Release Expectancy: CONSTRUCTION: PERFORMANCE.

*Appeal from Wright District Court.*—HON. D. R. HINDMAN, Judge.

FRIDAY, JANUARY 27, 1893.

THE plaintiff is the son of Mary Nelson, who was the widow of Antone Nelson, who died, leaving two children, Nels M. and Cora; the plaintiff not being a son of Antone Nelson. Antone died leaving forty acres of land and some personal property. The defendant was a brother of Antone Nelson, and after his death was married to his widow, Mary. Thereafter, such a contract was made that Nels M. and Cora Nelson, through their guardian, and Mary Nelson, conveyed to the defendant the estate of Antone Nelson, including the forty acres of land. The consideration to Nels M. and Cora was three hundred dollars each; and it is the plaintiff's claim that the same amount was to be paid for the interest of his mother, and by the agreement it was to be paid to him, and that one hundred dollars thereof has been paid. This action is in equity to enforce the contract as to the remainder. The issues involve a finding of the terms of the contract as to the sale of the widow's share. The district court found with the plaintiff, and the defendant appealed.—*Affirmed.*

*Nagle & Birdsall,* for appellant.

*Wesley Martin* and *J. C. Moats,* for appellee.

GRANGER, J.—In an action at law the plaintiff obtained a verdict and judgment for his claim, which judgment was reversed in this court on the ground that the payment of the three hundred dollars for Mary Nelson's interest in the estate of Antone Nelson was conditioned upon the execution of an instrument in writing, by the plaintiff, releasing all the interest which he otherwise would acquire by descent from his mother in her distributive share of the defendant's estate, in case she should survive him. Thereafter a substituted petition in equity was filed, it being the one in the present action. In this proceeding judgment is asked for the unpaid balance of the three hundred dollars; and that it be made a lien on the

real estate, and that the decree recite the agreement as to a release from the plaintiff and bar and estop him from having or claiming any interest in the estate of the defendant, or his wife, inconsistent with the agreement.

The appellant takes about this view of the controversy in the case: He thinks the appellee claims that his right of recovery depends alone on the fact that the defendant agreed to pay three hundred dollars for Mary Nelson's interest in her deceased husband's estate, whereas, in fact, he claims that "the whole negotiations concerning Godfrey, at any and all times, related only to the release of a supposed contingent interest in the estate which his mother might inherit through the defendant, and which, in the possibility of time, might descend in such a manner, through his mother, as to conflict with the interest of the defendant's own son in the enjoyment of any property which he might leave upon his decease." We do not understand the appellee to urge a right of recovery merely upon a conveyance by Mary Nelson to the defendant of her interest in the estate of her former husband, but that in addition, Godfrey Nelson must make a release of the character described. Such was, unmistakably, the contract and it has been performed fully by Mary Nelson, and a full performance is tendered in this action on the part of Godfrey Nelson.

The real difficulty seems to be this: The defendant wants the situation such that, as a result of the transaction, the distributive share of Mary Nelson in his estate, should she survive him, will be secure to his son after her decease; and the terms of the contract are not such as to necessarily secure it. As between Mary Nelson and the defendant, being husband and wife, such a contract would be without force under our statute, and there was no attempt to make such a one. The defendant has received, as to Godfrey Nelson, exactly what he contracted for. The estate has been assigned to him, and he owns it. We need not discuss the possible or probable benefits to result from a release by Godfrey, as to which it is said that, being "a mere possibility, uncoupled with an interest," it is not within his power to release it. This feature of the contract, in so far as it amounts to a consideration for the promise to pay the three hundred dollars, is very trifling. The estate was the principal inducement. The defendant, at his death, may not have a dollar of inheritable property. His wife may not survive him. If she does, she may survive her children, or she may make other disposition of the property, which right the contract in no manner interfered with. The law governing the transaction was known to the parties, and we are impressed with the belief that the defendant, at the time of the contract, attached little importance to the release as an inducement to his promise to pay. He seems disposed to keep what he has received, and to avoid payment on a very slight pretext. Equity forbids that he should thus escape a just liability.

The appellee asks a modification of the judgment in his favor upon a counterclaim by the appellant. The appellee has not appealed, and is entitled to no such relief in this court. The judgment of the district court is AFFIRMED.